## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| 2 BIG LEGACY LLC, | ) | CASE NO.: 22-58826-WLH |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

### MOTION TO ANNUL THE AUTOMATIC STAY *NUNC PRO TUNC* AND DEEM FORECLOSURE SALES VALID AND DISMISS DEBTOR'S BANKRUPTCY CASE

COME NOW AlphaFlow Transitional Mortgage Trust 2021-WL1 ("AlphaFlow") and NYMT Commercial Acquisitions, LLC ("NYMT", together with AlphaFlow, "Movants") and file this Motion to Annul the Automatic Say *Nunc Pro Tunc* and Deem Foreclosure Sales Valid and Dismiss Debtor's Bankruptcy Case, showing the Court as follows:

### INTRODUCTION

This is the second bankruptcy case filed *pro se* by this Debtor in less than three months. The first case resulted in a September 16, 2022 dismissal order barring the Debtor from filing another petition within 180 days. (Case No. 22-57062-wlh.) On November 1, 2022, unbeknownst to Movants, just minutes before Movants were scheduled to conduct foreclosure sales of the properties securing the indebtedness owed to Movants, Debtor filed a voluntary bankruptcy petition, initiating the above-referenced case. Movants conducted the foreclosure sales and only became aware of the bankruptcy filing on November 2, 2022 as part of their counsel's routine review of new filings. For the reasons discussed herein, Movants respectfully request that the Court dismiss Debtor's case and enter an order annulling the automatic stay to allow Movants to record deeds transferring the properties as a result of the foreclosure sales.

1

## **FACTUAL BACKGROUND**

### A.  **Debtor's Indebtedness and Default**

1.      Debtor 2 Big Legacy LLC ("Debtor") is indebted to Movants pursuant to the following Notes which are secured by the following Security Deeds:[1]

    a.  Debtor is indebted to NYMT, as successor in interest to Flip Funding, LLC ("Flip"), pursuant to that certain Note executed by Debtor on or about May 13, 2021 in the original principal amount of $262,500.00 (the "4861 Pinnacle Note"). The 4861 Pinnacle Note is secured by that certain Security Deed, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated May 13, 2021, and recorded in Deed Book 29485, Page 40, DeKalb County, Georgia records, as transferred and assigned to NYMT by that certain Assignment of Security Deed/Mortgage recorded August 11, 2022 in Deed Book 30509, Page 239 aforesaid records (as assigned, amended and/or modified, the "4861 Pinnacle Security Deed") encumbering real property located at 4861 Pinnacle Drive, Stone Mountain, Georgia.

    b.  Debtor is indebted to NYMT, as successor in interest to Flip, pursuant to that certain Note executed by Debtor on or about April 15, 2021 in the original principal amount of $262,500.00 (the "4866 Pinnacle Note"). The 4866 Pinnacle Note is secured by that certain Security Deed, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated April 15, 2021, and recorded in Deed Book 29328, Page 177, DeKalb County, Georgia records, as transferred and assigned to NYMT by that certain Assignment of Security Deed/Mortgage recorded August 11, 2022 in Deed Book 30509, Page 241 aforesaid records (as assigned, amended and/or

---

[1] Copies of the Notes and Security Deed are attached to Movant's Motion to Dismiss Debtor's prior case, Case No. 22-57062, Doc. No. 9.

modified, the "4866 Pinnacle Security Deed") encumbering real property located at 4866 Pinnacle Drive, Stone Mountain, Georgia.

c.  Debtor is indebted to AlphaFlow, as successor in interest to Flip, pursuant to that certain Note executed by Debtor on or about May 13, 2021 in the original principal amount of $262,500.00 (the "4867 Pinnacle Note"). The 4867 Pinnacle Note is secured by that certain Security Deed, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated May 13, 2021, and recorded in Deed Book 29485, Page 301, DeKalb County, Georgia records, as transferred and assigned to AlphaFlow by that certain Assignment of Security Deed/Mortgage recorded July 12, 2022 in Deed Book 30450, Page 728 aforesaid records (as assigned, amended and/or modified, the "4867 Pinnacle Security Deed") encumbering real property located at 4867 Pinnacle Drive, Stone Mountain, Georgia.

d.  Debtor is indebted to AlphaFlow, as successor in interest to Flip, pursuant to that certain Note executed by Debtor on or about May 13, 2021 in the original principal amount of $262,500.00 (the "4869 Pinnacle Note"). The 4869 Pinnacle Note is secured by that certain Security Deed, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated May 13, 2021, and recorded in Deed Book 29485, Page 319, DeKalb County, Georgia records, as transferred and assigned to AlphaFlow by that certain Assignment of Security Deed/Mortgage recorded July 12, 2022 in Deed Book 30450, Page 730 aforesaid records (as assigned, amended and/or modified, the "4869 Pinnacle Security Deed") encumbering real property located at 4869 Pinnacle Drive, Stone Mountain, Georgia.

e.  Debtor is indebted to AlphaFlow, as successor in interest to Flip, pursuant to that certain Note executed by Debtor on or about May 28, 2021 in the original principal amount of $262,500.00 (the "4871 Pinnacle Note"). The 4871 Pinnacle Note is secured by that certain Security Deed, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated May 28, 2021, and recorded in Deed Book 29485, Page 356, DeKalb County, Georgia records, as transferred and assigned to AlphaFlow by that certain Assignment of Security Deed/Mortgage recorded July 12, 2022 in Deed Book 30450, Page 732 aforesaid records (as assigned, amended and/or modified, the "4871 Pinnacle Security Deed") encumbering real property located at 4871 Pinnacle Drive, Stone Mountain, Georgia.

f.  Debtor is indebted to AlphaFlow, as successor in interest to Flip, pursuant to that certain Note executed by Debtor on or about April 30, 2021 in the original principal amount of $262,500.00 (the "4874 Pinnacle Note"). The 4874 Pinnacle Note is secured by that certain Security Deed, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated April 30, 2021, and recorded in Deed Book 29485, Page 283, DeKalb County, Georgia records, as transferred and assigned to AlphaFlow by that certain Assignment of Security Deed/Mortgage recorded July 12, 2022 in Deed Book 30450, Page 734 aforesaid records (as assigned, amended and/or modified, the "4874 Pinnacle Security Deed") encumbering real property located at 4874 Pinnacle Drive, Stone Mountain, Georgia.

g.  Debtor is indebted to AlphaFlow, as successor in interest to Flip, pursuant to that certain Note executed by Debtor on or about April 30, 2021 in the original principal amount of $262,500.00 (the "4878 Pinnacle Note"). The 4878 Pinnacle Note is

4

secured by that certain Security Deed, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated April 30, 2021, and recorded in Deed Book 29485, Page 494, DeKalb County, Georgia records, as transferred and assigned to AlphaFlow by that certain Assignment of Security Deed/Mortgage recorded July 12, 2022 in Deed Book 30450, Page 736 aforesaid records (as assigned, amended and/or modified, the "4878 Pinnacle Security Deed") encumbering real property located at 4878 Pinnacle Drive, Stone Mountain, Georgia.

h.  Debtor is indebted to NYMT, as successor in interest to Flip, pursuant to that certain Note executed by Debtor on or about May 13, 2021 in the original principal amount of $262,500.00 (the "4879 Pinnacle Note"). The 4879 Pinnacle Note is secured by that certain Security Deed, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated May 13, 2021, and recorded in Deed Book 29485, Page 2, DeKalb County, Georgia records, as transferred and assigned to NYMT by that certain Assignment of Security Deed/Mortgage recorded August 11, 2022 in Deed Book 30509, Page 243 aforesaid records (as assigned, amended and/or modified, the "4879 Pinnacle Security Deed") encumbering real property located at 4879 Pinnacle Drive, Stone Mountain, Georgia.

i.  Debtor is indebted to NYMT, as successor in interest to Flip, pursuant to that certain Note executed by Debtor on or about May 28, 2021 in the original principal amount of $262,500.00 (the "4898 Pinnacle Note"). The 4898 Pinnacle Note is secured by that certain Security Deed, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated May 28, 2021, and recorded in Deed Book 29485, Page 337, DeKalb County, Georgia records, as transferred and assigned to NYMT by

that certain Assignment of Security Deed/Mortgage recorded August 11, 2022 in Deed Book 30509, Page 245 aforesaid records (as assigned, amended and/or modified, the "4898 Pinnacle Security Deed") encumbering real property located at 4898 Pinnacle Drive, Stone Mountain, Georgia (together with the foregoing real property, the "Properties").

j.   The foregoing Notes and Security Deeds, together with the documents executed contemporaneously therewith and related thereto, together with any renewals modifications and/or extensions thereof are collectively the "Loan Documents."

2.     On or about May 6, 2022, Flip assigned its interest in the Loan Documents to Movants. Accordingly, Movants are the present holders of the Loan Documents and are secured creditors of the Debtor with first-priority security interests in the Properties and the revenues generated thereby.

3.     As of November 1, 2022, at least $3,092,539.66 was owed under the Loan Documents.

4.     In its Petition, Debtor did not include the Properties or the debt owed to Movants.

**B.  Debtor's First Bankruptcy Case**

5.     On August 5, 2022, Movants provided written notice to Debtor of its defaults under the Loan Documents and that Movants were going to conduct foreclosure sales of the Properties on September 6, 2022.

6.     On September 6, 2022, the morning of the scheduled foreclosure sales, Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, initiating Case No. 22-57062-WLH. The petition was filed *pro se* and signed by Dexter Hull, allegedly as a member of Debtor.

7. On September 9, 2022, Movants filed a Motion to Dismiss Case for Bad Faith Filing. (Case No. 22-57062, Doc. No. 9.)

8. On September 16, 2022, the Court entered its Order Granting Motion to Dismiss Case, which order provides that Debtor is barred from filing a voluntary petition under chapter 7 or chapter 11 of the Bankruptcy Code within 180 days of the order (the "Dismissal Order," Case No. 22-57062, Doc. No. 19.)

**C. The Foreclosures**

9. On September 30, 2022, Movants provided written notice to Debtor of its defaults under the Loan Documents and that Movants were going to conduct foreclosure sales of the Properties on November 1, 2022. On the evening of October 31, 2022, counsel for Movants checked PACER to confirm that Debtor had not filed a new bankruptcy petition. On the morning of November 1, 2022, prior to conducting the foreclosure sales, counsel for Movants again checked PACER to confirm that Debtor had not filed a new bankruptcy petition.

10. These searches did not reflect a new case filed by Debtor.

11. At 9:37 a.m. on November 1, 2022, counsel for Movants received an email from Donna Cannon, legal assistant for Felisa Harris, Esq., notifying Movants that Christopher Flournoy filed a voluntary petition under chapter 13 of the Bankruptcy Code and insisting that Movants stop the foreclosure sales. Because Mr. Flournoy is not the owner of the Properties that were the subject of the foreclosure sales, Movants' counsel informed Ms. Harris that Movants intended to proceed with the foreclosure sales.

12. On November 1, 2022, counsel for Movants conducted the foreclosure sales, and Movants were the highest bidder for each Property.

### D.  Debtor's Second Bankruptcy Case

13.     On November 1, 2022, Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code initiating the above-referenced case.

14.     Movants were not notified of the filing, but instead discovered it on November 2, 2022 during Movants' counsel's routine screening of new bankruptcy cases.

15.     The petition was filed *pro se* and signed by Christopher Flournoy, allegedly as a member of Debtor. Upon information and belief, Mr. Flournoy is not an attorney.

16.     Debtor is a single asset real estate entity. (Doc. No. 1.)

17.     Debtor's petition does not list any unsecured creditors. (Id.)

18.     A recent title examination by Movants confirmed that Movants have a first-priority position lien on each of the Properties.

### ARGUMENT

### A.  Debtor's Case Should Be Dismissed Because It Was Filed In Violation Of This Court's Order

19.     As an initial matter, this case must be dismissed as it was filed in violation of this Court's order prohibiting Debtor from filing a voluntary bankruptcy petition within 180 days of the Dismissal Order. Debtor's first bankruptcy case was dismissed as a bad faith filing, and in addition to the fact that this filing was barred, it should also be dismissed as a bad faith filing.

20.     The Eleventh Circuit stated that while "there is no particular test for determining whether a debtor has filed a petition in bad faith…the court may consider any factors which evidence 'an intent to abuse the judicial process and the purposes of the reorganization provisions' or, in particular, factors which evidence that the petition was filed 'to delay or frustrate the legitimate effort of secured creditors to enforce their rights.'" *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988) (citation omitted).

8

21.     "[T]he determination of cause under § 1112(b) is 'subject to judicial discretion under the circumstances of each case.'" *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984) (citation omitted).

22.     "Particularly where there is no realistic possibility of an effective reorganization and it is evident that the debtor seeks merely to delay or frustrate the legitimate efforts of secured creditors to enforce their rights, dismissal of the petition for lack of good faith is appropriate." *Id*. (affirming dismissal pursuant to Section 1112.)

23.     In *Piccadilly*, the Eleventh Circuit identified six circumstantial, nonexhuastive factors that evidence a bad faith filing:

    i.  The Debtor has only one asset, the Property, in which it does not hold legal title;

    ii.  The Debtor has few unsecured creditors whose claims are small in relation to the claims of the Secured Creditors;

    iii.  The Debtor has few employees;

    iv.  The Property is the subject of a foreclosure action as a result of arrearages on the debt;

    v.  The Debtor's financial problems involve essentially a dispute between the Debtor and the Secured Creditors which can be resolved in the pending State Court Action; and

    vi.  The timing of the Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the Debtor's secured creditors to enforce their rights.

849 F.2d at 1394-95 (affirming dismissal of Chapter 11 petition on the ground that it was made in bad faith); *see also In re State Street Houses, Inc.*, 356 F.3d 1345 (11th Cir. 2004) (holding that Piccadilly factors are appropriately considered when evaluating whether a Chapter 11 petition in a single real estate case was filed in bad faith).

24.     Here, each of the *Piccadilly* factors weigh in favor of dismissing Debtor's bankruptcy case.

25.     First, despite the fact that Debtor does not include the Properties on its schedules, Debtor states that it is a single asset real estate debtor. (*See* Doc. No. 1 (indicating Debtor is a single asset real estate entity).) Further, the Properties are pledged to Movants as collateral for the Notes.

26.     Second, Debtor's petition does not list any unsecured creditors. (Id.)

27.     Third, upon information and belief, Debtor has few or no employees.

28.     Fourth, the Properties are the subject of foreclosure actions instituted by Movants, which actions are a result of Debtor's default under the Notes.

29.     Fifth, Debtor's financial problems involve essentially a dispute between Debtor and Movants, which can and should be resolved outside of this Court. While Debtor lists an additional property on its petition, it appears that the only dispute with respect to that property is a single secured creditor.

30.     Finally, Debtor's chapter 11 filing, filed the day of the scheduled foreclosure, evidences nothing more than Debtor's effort to yet again delay Movants' attempt to foreclose on the Properties and recover the amounts owed by Debtor. Additionally, the petition itself evidences Debtor's lack of good faith as it does not reference Movants or the Properties.

31.     Debtor's bankruptcy case should also be dismissed because it was not filed by an attorney. It is well settled law that a corporate entity can only appear in court through an attorney. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir. 1985); *see also Nat'l Independent Theatre Distributors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 609-10 (11th Cir. 1984) (requiring corporate representation by counsel, recognizing the disruptive effect that pro se litigants may have on court proceedings); *In re RK Hospitality, LLC*, No. 11-52483-JB, 2011 Bankr. LEXIS 952, at *2 (Bankr. N.D. Ga. Mar. 10, 2011) (holding that corporations and

partnerships, including limited liability companies cannot appear *pro se* through their shareholders or officers). Because Mr. Flournoy is not an attorney, he is not authorized to represent the Debtor in this bankruptcy case.

32.     Accordingly, there is cause to dismiss the Debtor's chapter 11 case.

33.     Movants, therefore, request that the Court dismiss Debtor's case.

**B.  The Automatic Stay Should Be Annulled *Nunc Pro Tunc* To Allow Movants To Record Deeds Memorializing The Foreclosure Sales**

34.     In addition to an order dismissing Debtor's case, Movants also seek an order annulling the automatic stay so that Movants may record the deeds memorializing the November 1, 2022 foreclosure sale.

35.     While actions taken in violation of the automatic stay are generally deemed void and without effect, Section 362(d) provides that a court may annul the automatic stay, thus allowing courts to grant retroactive relief. *See In re Albany Partners, Ltd.*, 749 F2d 670, 675 (11th Cir. 1984).

36.     When determining whether to annul the automatic stay, courts generally consider two factors: (1) whether the creditor had notice of the bankruptcy filing; and (2) whether the debtor engaged in inequitable conduct. *See In re Howard*, 391 B.R. 511, 518 (Bankr. N.D. Ga. 2008).

37.     Here, both factors weigh in favor of annulling the automatic stay.

38.     First, Movants did not have notice of Debtor's bankruptcy filing on the morning of the foreclosure sales. Counsel for Movants checked PACER on the morning of November 1, 2022 to ensure that Debtor had not filed a bankruptcy petition and no bankruptcy case was reflected in that search. Even if Movants had been aware of a bankruptcy filing, such filing would have been prohibited by the Dismissal Order.

11

39.    Further, counsel for Movants was only notified that Mr. Flournoy, who is allegedly the member of Debtor and is a guarantor of the Notes, but not an owner of the Properties, had filed a petition under chapter 13 of the bankruptcy code. The filing of a bankruptcy petition by a guarantor does not result in an automatic stay preventing the foreclosure of property owned by a borrower. *See Paul v. Joseph*, 212 Ga. App. 122, 124 (1994); *General Motors Acceptance Corp. v. Yates Motor Co.*, 159 Ga. App. 215, 218 (1981).

40.    Second, Debtor undoubtedly acted inequitably as it filed a voluntary bankruptcy petition in direct contravention of the Dismissal Order. Further, the petition filed by Debtor did not even include the Properties as assets or reference Movants as having a claim against Debtor. The petition was filed mere minutes before the foreclosures were scheduled to begin and Debtor did not attempt to notify Movants of the petition. Because Debtor did not include Movants in the petition, there is no way that Movants would have been notified of the filing had their counsel not discovered it in its own routine review of new filings.

41.    Because Movants were unaware of the bankruptcy filing, and therefore conducted the foreclosure sales in good faith, and because Debtor acted in bad faith for the reasons described above, the automatic stay should be annulled so that Movants may record the deeds transferring the Properties to Movants as a result of the foreclosure sale.

## **CONCLUSION**

For the foregoing reasons, AlphaFlow Transitional Mortgage Trust 2021-WL1 and NYMT Commercial Acquisitions, LLC respectfully request that the Court enter an order (a) dismissing Debtor's chapter 11 case with prejudice, and (b) annulling the automatic stay to allow Movants to record deeds transferring the Properties as a result of the foreclosure sales, and granting such other and further relief as is just and proper.

12

This 3rd day of November, 2022.

Respectfully submitted,

**MORRIS, MANNING & MARTIN, LLP**

By: /s/  Lisa Wolgast

3343 Peachtree Road, N.E.          Lisa Wolgast (lwolgast@mmmlaw.com)
Suite 1600                         Georgia Bar No. 773399
Atlanta, Georgia 30326             Talia B. Wagner (twagner@mmmlaw.com)
(404) 233-7000                     Georgia Bar No. 986221

*Attorneys for AlphaFlow Transitional Mortgage Trust 2021-WL1 and NYMT Commercial Acquisitions, LLC*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| 2 BIG LEGACY LLC, | ) | CASE NO.: 22-58826-WLH |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**CERTIFICATE OF SERVICE**

I certify that I have this day served a true and correct copy of the within and foregoing **MOTION ANNUL THE AUTOMATIC STAY *NUNC PRO TUNC* AND DEEM FORECLOSURE SALES VALID AND DISMISS DEBTOR'S BANKRUPTCY CASE** with the Clerk of Court by using the Court's CM/ECF system, which will serve as notice to all counsel and sent via U.S. Mail to the following:

2 Big Legacy LLC                     2 Big Legacy LLC
4483 Lionshead Circle            Suite 244
Lithonia, Georgia 30038         2870 Peachtree Road
                                               Atlanta, GA 30305

Felisa Harris-Mychals
Harris Law Group
111 Petrol Point
Peachtree City, Georgia 30269

This 3rd day of November, 2022.

Respectfully submitted,

**MORRIS, MANNING & MARTIN, LLP**

By: /s/  Lisa Wolgast
       Lisa Wolgast