**IT IS ORDERED as set forth below:**



**Date: November 18, 2022**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| 2 BIG LEGACY LLC, | CASE NO.: 22-58826-WLH |
| Debtor. | CONTESTED MATTER |

### ORDER GRANTING MOTION TO DISMISS DEBTOR'S BANKRUPTCY CASE AND ANNUL AUTOMATIC STAY *NUNC PRO TUNC*

On November 15, 2022, Legacy Lending, LLC ("***Movant***") filed a Motion to Annul the Automatic Stay *Nunc Pro Tunc* and Dismiss Debtor's Bankruptcy Case (the "***Motion***"). After notice and a hearing, the Court makes the following findings of fact:

(1) On November 1, 2022 (the "***Petition Date***"), the morning of a foreclosure sale scheduled to be conducted by Movant, 2 Big Legacy LLC ("***Debtor***") filed a voluntary petition under chapter 11 of the Bankruptcy Code.

(2) This is the 5th bankruptcy filing this year regarding the Subject Property.

(3) The Debtor has few, if any, unsecured creditors.

(4) The Debtor has few or no employees.

(5)     The Property is the subject of a foreclosure action as a result of Debtor's defaults under the Loan Documents.[1]

(6)     The Debtor's financial problems involve essentially a dispute between Debtor and Movant, its secured creditor, which can be resolved outside of the Bankruptcy Court.

(7)     The timing of Debtor's filing of the petition evidences its intent to delay or frustrate the legitimate efforts of Movant to enforce its rights.

(8)     Accordingly, Debtor's bankruptcy case was filed in bad faith.

(9)     On September 16, 2022, the Court entered its Order Granting Motion to Dismiss Case, which provides that Debtor is barred from filing a voluntary petition under chapter 7 or chapter 11 of the Bankruptcy Code within 180 days of the order (the "***Dismissal Order***," Case No. 22-57062, Doc. No. 19).

(10)    On April 5, 2022, Standing Ovation Renovations, LLC filed a chapter 7 bankruptcy (Case No. 22-52645). In that matter Nubridge Commercial Lending, LLC, then a first lien holder on the Subject Property, moved for and was granted an Order pursuant to 11 U.S.C. § 362(d)(4)(A). The order provided, among other things:

> "It is further ordered that relief from the Automatic stay is granted under 11 U.S.C. § 362(d)(4)(A): If recorded in compliance with applicable state laws governing notices of interest or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing." (*see* Doc. No.: 51 Case No.: 22-52645).

(11)    The *In Rem* Order was properly recorded in the Fulton County Records on June 21, 2022 in Deed Book 65836 at Page 563.

Accordingly, it is hereby ORDERED AND ADJUDGED that:

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

(A)     the above-referenced chapter 11 case is DISMISSED.

(B)     Debtor is barred from filing a voluntary petition under chapter 7 or chapter 11 of the Bankruptcy Code within 180 days of this Order.

(C)     Movant, its successors and assigns, may assert its rights, including, but not limited to, the institution and completion of foreclosure proceedings, the collection of reasonable fees, and may assert all of its respective rights and remedies under applicable law, as to its collateral.

(D)     Movant, its successors and assigns, may assert its respective rights and remedies under applicable law, as to its collateral.

(E)     The stay is annulled *nunc pro tunc* and the Movant may proceed with the December 6, 2022 foreclosure sale.

(F)     The *In Rem* Order is reaffirmed and shall be binding and effective in any other case under this title purporting to affect the Property. Any entity that has acquired or acquires an interest in the Subject Property on or after June 21, 2022 must comply with the provisions of the *In Rem* Order and move for order extending the automatic stay.

[END OF DOCUMENT]

Prepared and presented by:

By: /s/ J. Martin Page                    .
S. Lindsay Carrington (lcarrington@bellcarrington)
Georgia Bar No.: 165708
J. Martin Page (mpage@bellcarrington.com)
Georgia Bar No.: 241558
Jacob Greifer (jgreifer@bellcarrington.com)
Georgia Bar No.: 751515
339 Heyward Street, 2nd Floor
Columbia, SC 29201
803.509.5078
**BELL CARRINGTON PRICE & GREGG, LLC**
*Attorneys for Legacy Lending, LLC*

## Distribution List

2 Big Legacy LLC
4483 Lionshead Circle
Lithonia, Georgia 30038

Felisa Harris-Mychals
Harris Law Group
111 Petrol Point
Peachtree City, Georgia 30269

2 Big Legacy LLC
Suite 244
2870 Peachtree Road
Atlanta, GA 30305

Lisa Wolgast, Esq.
MORRIS, MANNING & MARTIN, LLP
3343 Peachtree Road, N.E. Suite 1600
Atlanta, Georgia 30326

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303